UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVE ELLIS KARACSON,

        Plaintiff,                                  Case No. 1:21-cv-12102

v.                                                Honorable Thomas L. Ludington
                                                  United States District Judge

MICHIGAN DEPARTMENT OF
CORRECTIONS,                               Honorable Elizabeth A. Stafford
                                                  United States Magistrate Judge

        Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Plaintiff Steve Ellis Karacson is a state prisoner at the Parnall Correctional Facility in Jackson, Michigan. On September 1, 2021, he filed pro se this "class action lawsuit" against the Michigan Department of Corrections under 42 U.S.C. § 1983 and 28 U.S.C § 2241. Compl., ECF No. 1. He proceeds in forma pauperis. ECF No. 6. Plaintiff challenges the Michigan Department of Corrections's ("MDOC") handling of the COVID-19 pandemic. To that end, he seeks operational changes and money damages. ECF No. 1 at PageID.5. For the reasons stated hereafter, the Complaint will be dismissed.

**I.**

Plaintiff begins the Complaint by listing conditions to which "all inmates housed in all facilities in the Michigan Department of Corrections" were subject during the COVID-19 pandemic. *See id.* at PageID.1. He claims that the guards did not wear masks or wore them incorrectly. *Id.* He alleges that the medical staff was deliberately indifferent in treating the prisoners who contracted COVID-19. *Id.* And he asserts that MDOC's sleeping arrangements place prisoners at greater risk of contracting COVID-19. *Id.* at PageID.5.

Further, Plaintiff posits that his claims are proper under 28 U.S.C § 2241. *Id*. at PageID.3. He also generally asserts that COVID-19 has caused inmates many problems, including "Covid lung." *Id.* Notably, Plaintiff does not state that he either contracted COVID-19 or was otherwise injured by MDOC's action or inaction.

Plaintiff seeks relief in the form of the elimination of "[d]ouble bunking." *Id.* at PageID.5. In addition, though Plaintiff is not incarcerated at the Duane Waters Health Center, he seeks changes in its operation, including the installation of televisions in every cell "behind unbreakable glass" and warm-served food. *Id.* Finally, Plaintiff seeks at least $100,000 in money damages for each prisoner "who contracted covid 19 while incarcerated." *Id.*

Plaintiff requests class certification for his claims and 180 days to collect the 100 signatures necessary for certification. *Id.* at PageID.6. Confusingly, the rest of the Complaint excerpts briefs that allege trial errors in his criminal case. *See id.* at PageID.7–32.

## II.

Under the Prison Litigation Reform Act (PLRA), this Court must dismiss sua sponte an in forma pauperis complaint before service if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The PLRA's dismissal standard is the same as that of Federal Rule of Civil Procedure 12(b)(6) as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When evaluating a complaint under the Rule 12(b)(6) standard, courts should "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A complaint must also set forth "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." FED. R. CIV. P. 8(a)(2)–(3). Although "detailed allegations" are not necessary, the pleading must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a), as courts need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 555, 557. In this way, the claim will survive dismissal if "'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Butler v. Pickell*, No. 1:21-CV-10817, 2021 WL 3566276, at *2 (E.D. Mich. Aug. 12, 2021) (quoting *Iqbal*, 556 U.S. at 678). In other words, the Complaint must demonstrate "'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Courts must liberally construe pro se complaints. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). And pro se complaints, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). To that end, the "plaintiff must

allege 'more than just mere negligence.'" *Butler*, 2021 WL 3566276, at *2 (quoting *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000)). In addition, "'the complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights[.]'" *Merriweather v. Zamora*, 569 F.3d 307, 319 (6th Cir. 2009) (quoting *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003)).

### III.

#### A.

First, MDOC (the only named defendant) is immune from suit. Claims against MDOC are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (first quoting *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (alteration in original); and then citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). But "Michigan has not consented to the filing of civil rights suits against it in federal court." *Id.* (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Anger v. Chung*, No. 13-12143, 2014 WL 859717, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

#### B.

Second, Plaintiff has failed to state a claim. His general criticisms of how MDOC handled the COVID-19 pandemic do not demonstrate that he is entitled to relief, as required by Rule 8(a). And he has alleged no facts that establish he was deprived of a federal or constitutional right or otherwise injured. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("[T]he plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants'

acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence."). Moreover, he has not provided factual support for his conclusory allegations regarding the medical staff's deliberate indifference. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In addition, Plaintiff alleges injury to the general MDOC population, which he is not qualified to represent. For at least 33 years, federal courts have held that a prisoner proceeding pro se may not represent the interests of fellow inmates in a class action. *See, e.g.*, *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (first citing FED. R. CIV. P. 23; and then citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam)); *Palasty v. Hawk,* 15 F. App'x. 197, 200 (6th Cir. 2001); *Hailey v. Campbell*, No. 21-CV-10087, 2021 WL 2413271, at *2 (E.D. Mich. June 14, 2021); *Caputo v. Fauver*, 800 F. Supp. 168, 169 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).

## C.

Finally, Plaintiff brings this suit under 28 U.S.C § 2241 and 42 U.S.C. § 1983. Section 2241 applies to "state prisoners who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (quoting 28 U.S.C. § 2241(c)(3)), *cert. denied*, 140 S. Ct. 445 (2019). Thus, under § 2241, prisoners may seek release as relief for unconstitutional conditions of confinement. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citations omitted).

But instead of release, Plaintiff seeks changes in MDOC's sleeping arrangements, other operational changes at the Duane Waters Health Center, and money damages. For these requests, habeas relief is unavailable. *Id*. (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) ("[C]onditions of confinement claims seeking relief in the form of improvement of prison

conditions . . . are not properly brought under § 2241."); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

With the Complaint, Plaintiff has also filed what appear to be excerpts of briefs addressing trial errors in his conviction, perhaps in further support of habeas relief. *See* Compl., ECF No. 1 at PageID.7–32. But the excerpts have no apparent connection to Plaintiff's COVID-19-related claims. Moreover, Plaintiff has filed a petition for a writ of habeas corpus in this District that remains pending. *See Karacson v. Shaver*, No. 4:20-CV-13100, Order Granting Pet'r's Request for Stay, ECF No. 8 (E.D. Mich. May 17, 2021). Consequently, any duplicative habeas claims in this current action will be dismissed without prejudice.

## IV.

Because MDOC (the only named defendant) is immune from suit, and because Plaintiff has failed to state a claim for which relief may be granted, it is **ORDERED** that the Complaint, ECF No. 1, is summarily **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that any claims for habeas relief within the Complaint, ECF No. 1, are **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that leave to appeal in forma pauperis is **DENIED**, as an appeal of this decision would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: December 9, 2021           s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge